**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHERYL R. RICHARDSON,

        Plaintiff-Appellant,

v.

SAFEWAY, INC.,

        Defendant-Appellee.

No. 03-1423
(D.C. No. 01-MK-2438 (OES))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** and **BALDOCK** , Circuit Judges, and **MARTEN** ,** District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation.

Plaintiff-appellant Cheryl R. Richardson, appearing pro se, appeals the order entered by the district court dismissing her complaint with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(C) and 41(b). Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

In December 2001, plaintiff filed a complaint against her former employer, defendant-appellant Safeway, Inc., alleging that Safeway had discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* On July 14, 2003, the district court, after thoroughly analyzing the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.3d 916 (10th Cir. 1992), entered an order finding that plaintiff had deliberately failed to comply with her obligations under Fed. R. Civ. P. 26(a) and 33(b) to provide certain discovery materials to Safeway. [1] As a sanction for plaintiff's failure to comply with her discovery obligations, the district court ordered plaintiff to pay the costs and reasonable attorney's fees that Safeway had incurred in preparing a motion for sanctions. [2] Specifically, the court informed plaintiff of the following:

---

[1] We note that, in his recommendation to the district court, the magistrate judge also thoroughly analyzed the *Ehrenhaus* factors. *See* Aplee. Br., Tab 2 at 7-12. After reviewing the matter de novo, the district court adopted "the same findings and conclusions as to each of the [*Ehrenhaus*] factors as were reached by [the magistrate judge]," with the exception of the magistrate judge's conclusion that a sanction less extreme than dismissal would not effectively remedy the harm caused by plaintiff's conduct. *Id.*, Tab 3 at 4, 7.

[2] As additional sanctions for plaintiff's discovery violations, the district

(continued...)

> Within ten days of the date of this order, the Defendant shall file with the Court a notice, supported by appropriate evidence, setting forth details as to the reasonable attorney's fees and other costs it expended in making the Motion for Sanctions. Upon the Defendant's filing, the Plaintiff shall have 10 days to file any objections to the amount requested by the Defendant. The Court will thereafter enter a supplemental order setting forth the amount the Plaintiff must pay and directing her to make payment within ten days. The Plaintiff is advised that failure to make payment when directed by the Court will result [in] dismissal of this action.

Aplee. Br., Tab 3 at 6.

Subsequently, on August 14, 2003, after considering the notice that had been submitted by counsel for Safeway, the district court entered an order imposing a monetary sanction on plaintiff in the amount of $2,107.00. The court further informed plaintiff of the following:

> Given the Plaintiff's economic circumstances, the Court will grant the Plaintiff some additional time to render payment. The Plaintiff shall, within 20 days of this Order, tender a check to Defendant's counsel in the amount of $2,107.00, and simultaneously file an affidavit with the Court affirming her compliance with the sanction order. The Plaintiff is advised that failure to strictly comply with this order will result in dismissal of her case.

*Id.*, Tab 5 at 3-4.

---

[2](...continued)
court also ordered that: (1) plaintiff would be prohibited at trial from setting forth any claim or assertion that she did not previously disclose; and (2) the court would give an appropriate adverse inference jury instruction at trial concerning plaintiff's loss of relevant documents. These additional sanctions are not at issue in this appeal, however, and we will therefore not address them.

Plaintiff failed to pay the $2,107.00 sanction within the twenty-day period set by the district court. As a result, on September 12, 2003, the district court entered an order dismissing plaintiff's complaint with prejudice, citing Fed. R. Civ. P. 37(b)(2)(C) and 41(b) to support the dismissal. *See* Aplee. Br., Tab 6 at 2.

We begin our analysis of this appeal by noting that the district court did not dismiss plaintiff's complaint under Rule 37(b)(2)(C) as a sanction for plaintiff's "fail[ure] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). Instead, as set forth above, the district court initially imposed a monetary sanction on plaintiff for her failure to provide certain discovery materials to Safeway in accordance with Rules 26(a) and 33(b), and the basis for the monetary sanction was Rule 37(c) and (d), both of which incorporate by reference the remedies set forth in Rule 37(b)(2)(A) through (C). Then, after plaintiff failed to pay the monetary sanction, the district court dismissed plaintiff's complaint as a sanction for her failure to comply with the order directing payment of the monetary sanction. Thus, while plaintiff's discovery violations and the provisions of Rule 37(b)(2), (c), and (d) provided the underpinning for the dismissal order, we will treat the dismissal order itself as arising under Rule 41(b). *See* Fed. R. Civ. P. 41(b) (providing that an action may be involuntarily dismissed "[f]or failure of the plaintiff . . . to comply with . . . any order of court").

We review the district court's dismissal order for an abuse of discretion. *See Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002). "It is within a court's discretion to dismiss a case [under Rule 41(b)] if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Id.* (quoting *Ehrenhaus*, 965 F.2d at 916, 918).

> Before imposing dismissal as a sanction, a district court should ordinarily evaluate the following factors on the record: "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." [*Ehrenhaus*, 965 F.2d] at 921. . . . Although *Ehrenhaus* involved sanctions for discovery violations, we have held that "Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria." *Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994).

*Id.*

As noted above, this case involves somewhat of a unique situation because the district court's dismissal order was preceded by a discovery sanction that the court had imposed after performing a detailed analysis of the *Ehrenhaus* criteria, and the court did not reevaluate the *Ehrenhaus* criteria on the record when it entered the dismissal order. *See* Aplee. Br., Tab 6. Given the circumstances of this case, however, we conclude that the district court was not required to reevaluate the *Ehrenhaus* criteria on the record. Most importantly, once plaintiff failed to pay the monetary sanction, the only issue before the district court under

-5-

*Ehrenhaus* was whether there was an appropriate lesser sanction than dismissal. And, given plaintiff's history of noncompliance with respect to the discovery rules and the sanction order, it is readily apparent from the record that the district court did not abuse its discretion in dismissing this action after plaintiff failed to comply with the sanction order.

Plaintiff has failed to identify any meritorious ground for overturning the district court's dismissal order. First, for the reasons set forth above, we reject plaintiff's claim that the dismissal order was defective because it was not preceded by an order "to provide or permit discovery" under Rule 37(b)(2). Second, we will not consider plaintiff's conclusory assertions to the effect that Safeway also failed to comply with its obligations under the discovery rules, because Safeway's conduct is not at issue in this appeal. Third, a district court's discretionary authority to dismiss an action under Rule 41(b) is not limited by a party's right to a jury trial under the Seventh Amendment, as it is axiomatic that a party does not have a right to a jury trial if a dismissal sanction is properly imposed. As a result, it is immaterial that plaintiff filed a demand for a jury trial during the district court proceedings. Fourth, because this case did not proceed to a bench trial, the district court was not required to make findings of fact and conclusions of law in accordance with Fed. R. Civ. P. 52(a). Finally, we see no basis for granting plaintiff declaratory relief, and we therefore decline to remand

this matter to the district court for entry of a declaratory judgment under Fed. R. Civ. P. 57.

The district court's dismissal order is AFFIRMED. Plaintiff's motion for leave to proceed in this appeal in forma pauperis is GRANTED. Safeway's motion to strike plaintiff's opening brief is DENIED.

Entered for the Court

Stephen H. Anderson
Circuit Judge