**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHERYL R. RICHARDSON,

Petitioner-Appellant,

v.

SAFEWAY, INC.,

Respondent-Appellee.

No. 06-1207

District of Colorado

(D.C. No. 01-CV-2438-MSK-OES)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

Cheryl Richardson appeals from the district court's denial of her *pro se* Motion To Review This Case Under Rule 60(b). We review the district court's denial of the Rule 60(b) motion for abuse of discretion. *Searles v. Dechant*, 393 F.3d 1126, 1131 (10th Cir. 2004). "'Given the lower court's discretion, the district court's ruling is only reviewed to determine if a definite, clear, or unmistakable error occurred below.'" *Zurich N. Am. v. Matrix Serv., Inc.*, 426

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

F.3d 1281, 1289 (10th Cir. 2005) (quoting *Cummings v. General Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004)). We do not find a definite, clear or unmistakable error, and therefore affirm.

Ms. Richardson originally filed suit against Safeway in 2001 alleging gender and race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), and age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, and 42 U.S.C. § 1981. The case was dismissed on September 12, 2003, after she failed to pay sanctions imposed by the district court for failure to comply with Safeway's discovery requests. This Court affirmed the dismissal on September 3, 2004. *Richardson v. Safeway*, 109 Fed Appx, 275 (10th Cir. 2004).

On April 3, 2006–more than two years later–Ms. Richardson filed a Rule 60(b) motion based on the "defendant's and court's mistakes, inadvertence, neglect, newly discovered evidence, fraud, etc." The district court denied her motion because she failed to cite any facts to support it and because her motion was untimely.

On appeal Ms. Richardson reargues that the district court in the original case erred in dismissing her claim. She also asserts that the district court violated her civil rights by dismissing her case, though she states no facts or legal theory to support this allegation. She lists a number of clerical mistakes in her court documents as grounds for review of the judgment. However,

"Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order."

*Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). Even if the alleged clerical errors were made, they are not sufficient to warrant relief from the original judgment in this case.

The district court did not abuse its discretion in finding Ms. Richardson's Rule 60(b) motion to be unsupported by facts and untimely. Further, the district court did not violate her constitutional rights by dismissing the case.

We also **DENY** Ms. Richardson's motion to proceed *in forma pauperis* on appeal, and the appeal is **DISMISSED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge