**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-13073
Non-Argument Calendar
_____

WASEEM DAKER,

*Plaintiff-Appellant,*

*versus*

COMMISSIONER, GEORGIA DEPARTMENT OF
CORRECTIONS,
AHMAD HOLT,
  Assistant Commissioner of Facilities,
CLAY NIX,
  Director, Office of Professional Standards,
ALAN WATSON,
  Chief of Staff,
GWENDOLYN HOGAN,
  Executive Assistant, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:22-cv-00343-TES-CHW

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia state prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint related to the conditions of his confinement. Mr. Daker is an "extraordinarily prolific serial litigant" who has "clogged" the courts with thousands of frivolous filings in hundreds of actions. *See Daker v. Ward*, 999 F.3d 1300, 1301 (11th Cir. 2021) (quoting *Daker v. Commissioner*, 820 F.3d 1278, 1281 (11th Cir. 2016)).

Mr. Daker first argues that, under *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), the Northern District of Georgia lacked authority to enter a filing injunction against him that applied outside of that district, so the Middle District of Georgia erred in dismissing his complaint for failure to comply with that injunction. But as we explained in *Daker v. Commissioner*, No. 24-13104, 2026 WL 1103132, at *2 (11th Cir. Apr. 23, 2026), *CASA* is inapplicable to the filing injunction against Mr. Daker because it does not provide relief to nonparties.

Next, Mr. Daker argues that the district court abused its discretion because the filing injunction only warned him that non-compliance could result in the dismissal of lawsuits in the Northern

24-13073              Opinion of the Court              3

District of Georgia; it didn't warn him that noncompliance could lead to summary dismissal in other districts.  We disagree.

There is no doubt that Mr. Daker violated the filing injunction.  It provides:

> [Mr.] Daker **MUST INCLUDE** with every lawsuit he files *in this or any other federal court* (1) a copy of this order, and (2) a list of each and every lawsuit, habeas corpus petition, and appeal that he has filed in any federal court along with the final disposition of each lawsuit, petition or appeal.

*Daker v. Deal*, No. 18-cv-5243, D.E. 57, at 19 (emphasis in original).  He did not attach a copy of the order or provide a complete list of his litigation history, nor does he contend that he did.  Instead, his argument relies on the following language in the filing junction: "Any complaint that [Mr.] Daker submits *in this Court* . . . without a copy of this order or without a list of his prior actions in federal court will be summarily dismissed."  *Id.* (emphasis added).  This language, he contends, failed to put him on notice that a different district court could dismiss his complaint for noncompliance with the injunction.

This argument lacks merit.  Given Mr. Daker's extensive history of litigation and sanctions, the fact that the filing injunction used the words "in this Court" is immaterial.  Mr. Daker acknowledges that he violated the injunction.  "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry

out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc).  The district court discovered Mr. Daker's violation and acted within its discretion by dismissing this lawsuit for noncompliance with a court order.

Mr. Daker's third argument is that the district court should have accepted his first amended complaint, which would have "mooted" his non-compliance with the filing injunction.  This argument fails for two reasons.  First, the district court correctly determined that the amended complaint did not cure Mr. Daker's noncompliance because he "still did not attach a copy of th[e] [filing] injunction as required."  D.E. 13 at 2.  The fact that the court was already aware of the injunction was "inapposite" because it did "not absolve [him] of the plain and clear instructions laid out by the injunction."  *Id.* at 3.  Second, even if Mr. Daker had corrected his noncompliance, the fact remained that he violated the injunction by filing the original complaint and did not even attempt to comply by alerting the court of the injunction's existence.  *See* D.E. 19.  The district court did not abuse its discretion by rejecting the proposed amended complaint.

Mr. Daker also says the district court erred by failing to either accept his assertion that he was unable to comply with the injunction or allow a jury to decide whether that assertion was true.  "[T]he power to punish for contempts is inherent in all courts," so a litigant is not entitled to a jury trial on the issue of whether he violated a court order.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (internal quotation marks omitted).  *See also Richardson v.*

*Safeway, Inc.*, 109 F. App'x 275, 279 (10th Cir. 2004) ("[I]t is axiomatic that a party does not have a right to a jury trial if a dismissal sanction is properly imposed."). As the district court explained, even if it accepted Mr. Daker's explanations for why he could not attach a copy of the injunction to his complaint, that would not excuse his failure to mention its existence in his complaint or provide a complete list of his prior lawsuits. *See* D.E. 13 at 3; D.E. 19 at 3–4. The district court did not abuse its discretion in dismissing his complaint for noncompliance with a court order.

Mr. Daker further asserts that the district court erred by dismissing his complaint with prejudice, rather than without prejudice. It is true that a court lacks personal jurisdiction over a defendant who has not yet been served. *See Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008). And when a court lacks personal jurisdiction over a defendant, the court's dismissal must be without prejudice. *Trump v. Clinton*, 161 F.4th 671, 687–88 (11th Cir. 2025). But here, the court's dismissal was without prejudice. As we explained in one of Mr. Daker's previous cases, when a district court adopts a magistrate judge's recommendation that it dismiss the complaint without prejudice, such a dismissal is without prejudice even if the district court does not explicitly say so. *See Daker v. Commissioner*, No. 24-13161, 2026 WL 307976, at *1 n.1 (11th Cir. Feb. 5, 2026). That's what happened in this case. *See* D.E. 6 at 9; D.E. 13 at 4.

6                           Opinion of the Court                    24-13073

Finally, Mr. Daker contends that the district court erred by denying his motion under Rule 59(e).  But since we affirm the dismissal of his complaint as a sanction for his noncompliance with the Northern District of Georgia's filing injunction, we need not address the alternative reasons for dismissal stated in the court's order denying his Rule 59(e) motion.

**AFFIRMED.**