**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 14, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JULIA HOLGUIN; CARMEN
HOLGUIN; MAURICIO OREJEL,
by and through his parent and next
friend, JUANA TOBANCHE; and
AMANDA FRESQUEZ, by and
through her parent and next friend,
CHRISTINA LUJAN,

        Plaintiffs-Appellants,

   v.

DETECTIVE ROBBIN BURGE,
an officer of the Albuquerque Police
Department, individually,

        Defendant-Appellee.

No. 06-2174
(D.C. No. CIV-05-628 MCA/RHS)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

_____

Plaintiffs Julia Holguin, Carmen Holguin, Mauricio Orejel, and Amanda

Fresquez filed this 42 U.S.C. § 1983 case—the third of three separate civil rights

_____

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

cases initiated by plaintiffs and based on a June 2003 search of a residence and seizure of its occupants—against the City of Albuquerque and Robbin Burge, an Albuquerque Police Department detective.[1]  The City filed a motion for summary judgment and Detective Burge filed a motion to dismiss.  Both defendants, in their respective motions, asserted that this case was an attempt by plaintiffs and their counsel to gain an unfair tactical advantage and escape the consequences of their misconduct in the first of plaintiffs' three civil rights cases (Case 1).  The district court ultimately agreed.

By order dated December 28, 2005, the district court granted the City's summary judgment motion based on res judicata, deeming plaintiffs' claims precluded by the disposition in Case 1.  Further, the court denied Detective Burge's motion to dismiss, but ordered plaintiffs to show cause why it should not dismiss with prejudice all remaining claims against Detective Burge as a sanction for plaintiffs' and/or plaintiffs' counsel's alleged misconduct in Case 1 (perjury, discovery delays, and failure to serve Detective Burge).  After reviewing the parties' responses and the relevant law, the district court imposed the contemplated sanction in an order dated January 20, 2006.  Plaintiffs filed a motion for reconsideration that the district court denied by order dated May 19, 2006.  This appeal followed.

---

[1]      The City of Albuquerque is not a party to this appeal.

The district court provided detailed summaries of the relevant facts and procedural history and we need not restate that material here. Aplt. App. at 131-35, 201-10. On appeal, plaintiffs assert the court erroneously: (1) failed to give them adequate time to respond to the show cause order, (2) denied their request for an evidentiary hearing prior to ruling on their response to the show cause order, (3) dismissed their case as a sanction, (4) misapplied the *Ehrenhaus* factors,[2] (5) sanctioned them for their attorney's alleged improper conduct in unrelated proceedings, and (6) denied their motion for reconsideration. Plaintiffs also contend, as far as we can discern, that the district court erroneously found that: (7) Detective Burge was unfairly prejudiced in this case by plaintiffs' failure to timely serve her in Case 1, and (8) plaintiffs' alleged perjurious deposition testimony was material evidence.

---

[2]  In *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations and quotations omitted), this court stated:

> Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. . . .

> These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction. The court should ordinarily evaluate these factors on the record.

Our jurisdiction arises under 28 U.S.C. § 1291.  We review for abuse of discretion the district court's decision not to grant plaintiffs an evidentiary hearing prior to ruling on their response to the show cause order.  *United States v. Nichols*, 169 F.3d 1255, 1263 (10th Cir. 1999) ("[D]ecisions on the propriety of evidentiary hearings are reviewed for an abuse of discretion.").  We likewise review for abuse of discretion "a district court's decision to dismiss a case as a sanction."  *Conkle v. Potter*, 352 F.3d 1333, 1337 (10th Cir. 2003) (citing *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002)).  Finally, we review for abuse of discretion a district court's decision to deny a motion for reconsideration.  *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).

Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we hold that the district court gave plaintiffs adequate time to respond to the show cause order and that it did not abuse its discretion by denying plaintiffs an evidentiary hearing, by dismissing their case as a sanction, or by denying their motion for reconsideration.  Further, we reject plaintiffs' contention that the district court misapplied the *Ehrenhaus* factors, and hold that plaintiffs have not otherwise identified any reversible error in this case.[3]

---

[3]     We stress, as did the district court, that:

a litigant is bound by the actions of its attorney, and the relative innocence of the litigant with respect to the attorney's failure does not constitute grounds for relief in this context.  *See Gripe v. City of*

(continued...)

Accordingly, we **AFFIRM** the judgment of the district court for substantially the same reasons as stated in its thorough orders of December 28, 2005, January 20, 2006, and May 19, 2006.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[3](...continued)

> *Enid*, 312 F.3d 1184, 1188-89 (10th Cir. 2002). To the extent that Plaintiffs would have a meritorious claim but for the misconduct of their attorney, a proper remedy may be afforded through a legal malpractice claim rather than continued litigation against Defendants. *See id.*

Aplt. App. at 221-22 (citing *Gripe*, 312 F.3d at 1188-89).