**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROGER D. GRIPE,

        Plaintiff - Appellant,

v.

CITY OF ENID, OKLAHOMA,
a municipal corporation and political
subdivision of the State of Oklahoma;
DENNIS MADISON, individually and
in his official capacity as Chief of
Police for the City of Enid; TIM
KING, individually and as manager
of the Dillards Department Store,
Enid, Oklahoma; DILLARDS, INC.,
a Delaware Corporation doing
business in the State of Oklahoma,

        Defendants - Appellees.

No. 01-6430

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. CIV-00-125-L)**

---

Submitted on the briefs:

David J. Batton, Norman, Oklahoma, for Plaintiff-Appellant.

David W. Kirk of Carter & Kirk, P.C., Oklahoma City, Oklahoma, for
Defendants-Appellees City of Enid and Dennis Madison, and Nathan L. Whatley
and Shawn E. Harrell of McAfee & Taft, a Professional Corporation, Oklahoma
City, Oklahoma, for Dillards, Inc. and Tim King.

Before **HENRY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

**HARTZ** , Circuit Judge.

Plaintiff Roger D. Gripe appeals the district court's order dismissing his complaint as a sanction for his lawyer's repeated violations of court orders and rules. The district court denied plaintiff's motion for relief from judgment. Because the statute of limitations on his claims has expired, he cannot refile them. Plaintiff's principal argument is that he should not be penalized for his lawyer's shortcomings. We affirm. [1]

## Appellate Jurisdiction

As a preliminary matter, we discuss our jurisdiction. The district court dismissed the action on November 1, 2001. Plaintiff filed a motion for relief from judgment on November 2, and filed a timely notice of appeal from the order of dismissal on November 30. On December 19 the district court denied relief from the judgment. Plaintiff did not file an amended notice of appeal, as required

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

-2-

by Fed. R. App. P. 4(a)(4)(B)(ii) to challenge a post-judgment order. Therefore, we have appellate jurisdiction over only the November 1 judgment of dismissal and not over the December 19 order denying post-judgment relief. Jernigan v. Stuchell, 304 F.3d 1030, 1031 (10th Cir. 2002). Accordingly, we do not address plaintiff's appellate arguments related to the post-judgment proceedings. The post-judgment order does, however, reveal some of the district court's reasons for dismissing the case, and we consider it for that purpose. It would be pointless to remand for a statement of reasons when those reasons have already been expressed on the record.

## Facts

Plaintiff, a police officer, filed his original complaint on September 11, 1998. The complaint alleged that his federal civil rights and various state-law rights were violated when defendant Dillards, a department store, and its manager wrongfully caused him to be investigated for assaulting his wife, who was a store employee. It further alleged that the City of Enid, its police chief, and police captain Tim Goodpasture wrongfully pursued assault charges against him as punishment for his involvement in a police collective bargaining unit.

The district court dismissed the complaint without prejudice on January 15, 1999, because plaintiff had not taken any action in the litigation, having failed even to perfect service on the defendants. Plaintiff refiled on January 14, 2000.

By this time the applicable limitations period apparently had expired. Although the Oklahoma savings statute provides that the statute of limitations does not bar a refiled complaint if the original complaint was timely filed and the refiling occurs within a year of a non-merits dismissal of the original complaint, Okla. Stat. tit. 12, § 100, the second complaint did not invoke this statute. Consequently, on February 7, 2000, the City and its police chief moved to dismiss the action on the ground that the statute of limitations had run.

On September 29, 2000, the district court ruled that plaintiff would be allowed to file an amended complaint to cure his failure to invoke the Oklahoma savings statute. Plaintiff was granted fifteen days to file an amended complaint. Plaintiff missed the deadline. On January 12, 2001, the district court ordered plaintiff to file an amended complaint, or show cause for a failure to do so, no later than January 18, 2001. The order expressed the court's concern that no effort had been made to comply with its prior deadline and warned that failure to comply with the second order could result in dismissal of the action with prejudice. Plaintiff filed no pleading by the January 18 deadline.

On January 23 plaintiff filed an amended complaint accompanied by a motion to file it out of time. Although plaintiff had entered into a stipulated dismissal of defendant Goodpasture in June 2000, the amended complaint again named him as a defendant. Plaintiff's attorney claimed his tardiness was due to

inadvertence, miscalendaring of the due date by his office, and a family emergency.

On May 22, 2001, over objection, the district court allowed the amended complaint to stand. The court stated that it was "troubled by plaintiff's counsel's inability to comply with the court's orders in a timely and professional manner," but would let the case proceed because of "the harshness of dismissal and the court's preference for determining cases on their merits." Aplt. App. doc. 15, at 101-02. The court issued the following warning:

> [T]he court expects and directs plaintiff's counsel to fully comply with all orders of the court and to comply with all applicable federal and local rules. Further instances of "inadvertently overlooking" court deadlines and similar requirements will be met with the utmost disapproval and possible sanctions, including, if appropriate, dismissal of this action.

Id. at 102. The court imposed no sanction except to order plaintiff to file a second amended complaint omitting Goodpasture and to pay Goodpasture's attorney fees for having to respond to the amended complaint. Plaintiff complied with the order.

On November 1, 2001, plaintiff's attorney failed to appear at a court-ordered status conference. Defense counsel did appear. The court dismissed the action, finding that plaintiff's counsel had been given sufficient notice that the case would be dismissed for continued failure to comply with the

court's orders and applicable rules and that the inconvenience and expense to the other parties and the court warranted dismissal.

Plaintiff filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), and later supplemented the motion with an affidavit from his attorney. Plaintiff's attorney sought to excuse his failure to comply with the court's order to appear at the status conference by pointing to his personal obligations and busy litigation schedule. In denying relief, the district court observed that in addition to failing to appear at the status conference, plaintiff's attorney had "a disturbing history of missed deadlines and noncompliance with the court's orders in this case." Id. doc. 30, at 266. The court held that plaintiff had failed to justify his request for relief under Rule 60(b), in part because there was no reason to believe that another warning would be effective. The court further held that dismissal did not penalize plaintiff unjustly because he had chosen the attorney who had repeatedly failed to comply with court orders and rules. Plaintiff appeals, claiming dismissal was too harsh a sanction under the circumstances.

<u>Analysis</u>

The Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failing to appear at a pretrial or scheduling conference, see Fed. R. Civ. P. 16(f) and 37(b)(2)(C), and for failing to comply with court rules or any

order of the court, see Fed. R. Civ. P. 41(b).  As stated in an en banc opinion of this court, Rule 16(f) "indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial."  Mulvaney v. Rivair Flying Serv., Inc. (In re Baker), 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc).

We review for an abuse of discretion the district court's decision to impose the sanction of dismissal for failure to follow court orders and rules.  Archibeque v. Atchison, Topeka & Santa Fe Ry. Co., 70 F.3d 1172, 1174 (10th Cir. 1995).  "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice."  Ehrenhaus v. Reynolds, 965 F.2d 916, 918 (10th Cir. 1992).

Before imposing dismissal as a sanction, a district court should ordinarily evaluate the following factors on the record:  "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  Id. at 921 (internal quotation marks and citations omitted) (dismissing case as sanction for discovery violation).  Although Ehrenhaus involved sanctions for discovery violations, we

have held that "Rule 41(b) involuntary dismissals should be determined by reference to the Ehrenhaus criteria." Mobley v. McCormick, 40 F.3d 337, 341 (10th Cir. 1994). Similarly, we conclude that dismissal as a sanction under Rules 16(f) and 37(b)(2)(C) should ordinarily be evaluated under the same factors. See id. (finding "no principled distinction between sanctions imposed for discovery violations and sanctions imposed for noncompliance with other orders"). The factors do not create a rigid test but are simply criteria for the court to consider. Ehrenhaus, 965 F.2d at 921.

The record demonstrates that the district court's decision to dismiss the action was based on the appropriate considerations. The district court (1) noted on at least two occasions that plaintiff's failure to follow court orders and rules had inconvenienced and prejudiced the defendants and the court; (2) twice clearly warned plaintiff that failure to follow court orders and rules could result in dismissal of his case; and (3) found that a sanction less severe than dismissal would not be effective.

As for the remaining criterion mentioned in Ehrenhaus—"the culpability of the litigant," id. at 921—the record contains no direct evidence regarding what plaintiff knew of his attorney's derelictions. Nevertheless, the district court dealt with this criterion when it said: "[D]ismissal does not unjustly penalize the individual plaintiff in this case in light of the repeated and documented failure of

-8-

his chosen representative. A litigant is bound by the actions of its attorney, and the relative innocence of the litigant in the failure does not constitute grounds for relief." Aplt. App. doc. 30, at 269.

Thus, the district court unquestionably considered the appropriate factors in deciding to dismiss plaintiff's case, and its decision was not an abuse of discretion.

Plaintiff argues against the harshness of penalizing him for his attorney's conduct. But there is nothing novel here. Those who act through agents are customarily bound by their agents' mistakes. It is no different when the agent is an attorney. When an attorney drafting a contract omits an important clause, the client who signs the contract is bound. When a trial attorney is poorly prepared to cross-examine an expert witness, the client suffers the consequences. (It should be noted, however, that the mistreated client is not totally without a remedy. There may be a meritorious malpractice claim against the attorney.)

Virtually the same issue came before the Supreme Court in Link v. Wabash R.R. Co., 370 U.S. 626 (1962). The Court upheld the district court's inherent power to dismiss an action with prejudice when the plaintiff's attorney, who had a history of dilatory conduct, missed a pretrial conference without an adequate excuse. Although the dismissal in Link was categorized as being for "failure to

prosecute," the substance of the district court's ruling was essentially the same as that of the district court in this case. Justice Harlan wrote:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

Id. at 633-34 (internal quotation marks omitted). The footnote to this passage explains:

> Clients have been held to be bound by their counsels' inaction in cases in which the inferences of conscious acquiescence have been less supportable than they are here, and when the consequences have been more serious. Surely if a criminal defendant may be convicted because he did not have the presence of mind to repudiate his attorney's conduct in the course of a trial, a civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit. And if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant. Moreover, this Court's own practice is in keeping with this general principle. For example, if counsel files a petition for certiorari out of time, we attribute the delay to the petitioner and do not request an explanation from the petitioner before acting on the petition.

Id. at 634 n.10 (citations omitted). Cf. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396 (1993) (quoting from above passage in

-10-

Link to support rejection of court of appeals' suggestion that it is inappropriate to penalize client for attorney's error when assessing whether attorney's filing untimely proof of claim in bankruptcy court was excusable neglect).

We recognize, as plaintiff argues, that this circuit has remanded cases where the record was not clear that the district court evaluated the fault of the parties and other applicable factors. See, e.g., Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1465 (10th Cir. 1988). Here, however, the record shows that the district court considered all the Ehrenhaus factors, including the culpability of the litigant. The district court acted within its discretion in dismissing the case.

AFFIRMED.