**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 7, 2006**

**TENTH CIRCUIT**

GREGORY COOKS,

      Plaintiff - Appellant,

v.

CARGILL, INC.,

      Defendant - Appellee.

No. 05-1113

(D.C. No. 03-MK-1185 (PAC))

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **McKAY,** and **EBEL**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant filed this action in state court claiming employment discrimination based on race and disability. Appellee removed the action to federal court. On February 7, 2005, the district court dismissed Appellant's

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

claims for lack of prosecution. In its order of dismissal, the court explained, *inter alia*, that Appellant had failed to comply with the court's rules throughout the entire course of the case, that he had failed to comply with explicit court orders, and that he had failed to appear at the pretrial conference. Appellant appeals this dismissal. We will review for abuse of discretion the district court's dismissal order under Rule 41(b) of the Federal Rules of Civil Procedure. *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002).

Upon removal to federal court, the magistrate judge held a hearing pursuant to Federal Rule of Civil Procedure 16, where she set a deadline for submission of a proposed scheduling order, a deadline for initial disclosures, and a final pretrial conference. Appellant missed these deadlines, and Appellee filed a motion for sanctions based on Appellant's failure to provide disclosures and prepare a proposed scheduling order. The magistrate judge issued an Order to Show Cause ("the First Order to Show Cause") directing the parties to show cause why they should not be held in contempt for failing to submit a proposed scheduling order. The magistrate judge subsequently scheduled a hearing on Appellee's motion for sanctions.

Appellant filed written responses to the First Order to Show Cause and to the motion for sanctions. He explained that he did not understand the judicial process or what was expected of him. He also stated that he had retained a law

firm in connection with his discrimination claims and that the law firm would move to dismiss his pro se claims.

Following a hearing, the magistrate judge vacated the First Order to Show Cause and denied the motion for sanctions. The magistrate judge then set new deadlines for the submission of a proposed scheduling order and the completion of initial disclosures. The minutes from that hearing state:

> Court is giving plaintiff one final chance. If the plaintiff fails to follow the orders of this court, the Federal Rules of Civil Procedure, and the Local Rules of this court, it will be recommended to the district judge that his case be dismissed with prejudice and the plaintiff or his daughter be held in contempt.

Order Dismissing Claims for Lack of Prosecution, 2 (Feb. 7, 2005, D. Colo.).

Appellant later failed to produce records pertaining to his Social Security Disability Insurance benefits, as was requested in a motion to compel. Appellee filed a motion for sanctions based upon Appellant's failure to release these records. The magistrate judge set a hearing on the motion for sanctions, at which Appellant stated that he did not receive a release from Appellee to execute the release of the records. A new release was provided to Appellant at the hearing, which he signed. Appellant's daughter advised the court that Appellant would not have a residence after the day of the hearing. The magistrate judge informed Appellant that under Local Rule 10.1(M), he was required to notify the court of his change of address within ten days.

Appellee later filed a motion seeking an extension of time to file dispositive motions, stating that Appellant's telephone had been disconnected and that attempts to personally serve Appellant with a letter had been unsuccessful. Based thereon, the court issued an order directing Appellant to show cause why his claims should not be dismissed ("the Second Order to Show Cause").

Appellant subsequently filed a notice informing the court of his new mailing address, a post office box. He also informed the court that he did not have a telephone number where he could be reached. He responded to the Second Order to Show Cause, stating that it was not his intention to violate the Local Rules. The court therefore discharged the Second Order to Show Cause.

Next, Appellant failed to appear at the pretrial conference and failed to participate in preparing the proposed final pretrial order. The magistrate judge issued an Order to Show Cause ("the Third Order to Show Cause") directing Appellant to show cause why his claims should not be dismissed for failure to prosecute.

Appellant responded in writing to the Third Order to Show Cause. He states that he "was out of town for a brief period of time on a family emergency and during this time no one was able to receive, pick up or check the mail box." Order Dismissing Claims for Lack of Prosecution, 4 (Feb. 7, 2005, D. Colo.). He explained that he did not know about the final pretrial conference but offered no

-4-

explanation for his failure to participate in preparing the proposed final pretrial order.

The local rules of the District Court of Colorado state:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D. Colo R. 41.1. Appellant has not established good cause for his failure to appear at the final pretrial conference. Throughout the entire course of his case, Appellant has failed to comply with the local rules of the court and failed to comply with explicit court orders, leading to the issuance of three orders to show cause.

We have carefully reviewed Appellant's brief, the district court's disposition, and the record on appeal. We are in accord with the district court's dismissal for substantially the same reasons set forth by the district court in its Order of February 7, 2005.

We **AFFIRM** the district court's dismissal with prejudice of Appellant's complaint.

Entered for the Court


Monroe G. McKay
Circuit Judge