F I L E D
**United States Court of Appeals
Tenth Circuit**

**April 14, 2006**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CAROLYN SUE BENSON,

Plaintiff-Appellant,

v.

BRIDGESTONE/FIRESTONE, INC.
LONG-TERM DISABILITY
BENEFITS PLAN FOR SALARIED
EMPLOYEES EFFECTIVE
FEBRUARY 1, 1987,

Defendant-Appellee.

No. 05-6220
(D.C. No. 02-CV-282-HE)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **EBEL**, and **MURPHY**, Circuit Judges.

Carolyn Sue Benson appeals from a district court order denying her motion

to vacate an unfavorable arbitration decision on her claim against

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Bridgestone/Firestone, Inc. Long-Term Disability Benefits Plan for Salaried Employees Effective February 1, 1987 ("Plan"). For substantially the same reasons as the district court, we **AFFIRM**.

The Plan granted long-term disability benefits for an initial two-year period to Benson, a former employee of Bridgestone/Firestone North American Tire L.L.C ("Bridgestone"). After two years, however, Bridgestone determined that Benson was no longer entitled to benefits. Bridgestone sent Benson a letter advising her of its decision and informing her that, under the terms of the Plan, she had the right to appeal for reinstatement of benefits within sixty days from the date of the letter. Benson's letter of appeal was received fifty-two days after the sixty-day period ended. Bridgestone declined to consider her untimely appeal.

Benson, acting through an attorney, then brought an action in federal court under the Employee Retirement Income Security Act of 1974, ("ERISA") 29 U.S.C. §§ 1001-1461. Bridgestone filed a motion to dismiss or, in the alternative, to stay proceedings and compel arbitration as contemplated by the terms of the Plan. The district court entered an order staying the case pending completion of arbitration.

In the arbitration proceedings that followed, the designated arbitrator was to "apply the substantive law which would be applied by a United States District Court sitting at the place of the hearing," i.e., the Western District of Oklahoma.

Bridgestone requested summary judgment on the ground that Benson's untimely appeal meant that she had failed to exhaust administrative remedies, normally a prerequisite for judicial relief under ERISA. See McGraw v. Prudential Ins. Co. of Am., 137 F.3d 1253, 1263 (10th Cir. 1998). Benson admitted that her appeal was untimely, but asserted that Bridgestone had waived the exhaustion requirement by failing to raise this defense in its initial response. She does not assert that resorting to administrative remedies would have been futile, or that the administrative remedy provided was inadequate. See id.

The arbitrator considered and rejected Benson's argument, noting that under Tenth Circuit law, absent unfair surprise or prejudice to the plaintiff, a defendant's affirmative defense is not waived when it is first raised in a pre-trial dispositive motion, as long as it is raised well in advance of trial. See Ball Corp. v. Xidex Corp., 967 F.2d 1440, 1443-44 (10th Cir. 1992) (holding that the purposes of notice pleading requirements are served if plaintiff is notified of the nature of a defense well in advance of trial). Here, Bridgestone had raised the defense well before the discovery phase of the arbitration proceeding and mediation. Because Benson had ample notice of the Plan's contention that she had failed to timely exhaust her administrative remedies, the arbitrator determined that the defense was not waived. She therefore granted the Plan's summary judgment motion.

Benson returned to federal court with a motion to vacate, arguing that the arbitrator's order resulted from an error of law. Judicial review of an arbitration decision is extremely limited and "has been described as among the narrowest known to law." Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C., 430 F.3d 1269, 1275 (10th Cir. 2005) (quotation omitted). A district court may vacate an award for "manifest disregard of the law" but not for "[m]erely erroneous interpretations or applications of law." Id. (quotation omitted). A manifest disregard of the law is found only if the record demonstrates that arbitrators knew the law and explicitly disregarded it. Id. Under that standard, the district court determined that there was no basis for setting aside the arbitrator's decision.

Benson appealed. In her pro se brief, Benson again admits that her letter appealing the Plan's denial of benefits was late. She now argues, however, that the delay was attributable to her lawyer's negligence and that she should be given another opportunity to prove her case.

When assessing a district court's decision to uphold an arbitration award, we review the district court's findings of fact for clear error and questions of law de novo. Id. We see no error in the factual and legal determinations underlying the district court's denial of the motion. Further, we decline to reach Benson's attorney-negligence argument, which is an entirely separate matter. See Hill v. Kan. Gas Serv. Co., 323 F.3d 858, 866 (10th Cir. 2003) (stating that this court

-4-

generally does not consider arguments raised for the first time on appeal).  Given the highly deferential standard of review applicable to this case, it would be inappropriate for us to entertain a claim not presented to either the arbitrator or the district court.[1]

Benson is not entitled to relief from this court.  The judgment of the district court is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[1] Even if we were to consider Benson's argument, we would reach the same result.  In a factually similar case, the Fourth Circuit determined that attorney negligence did not justify equitable tolling where a recipient of long-term disability benefits under an ERISA benefit plan failed to file a timely appeal of the plan's decision to terminate her benefits.  Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 226-27 (4th Cir. 2005).  Gayle's result is consistent with established Tenth Circuit authority.  As a general rule, clients are "'bound by their counsels' inaction,'" and "'a civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit.'"  Gripe v. City of Enid, 312 F.3d 1184, 1189 (10th Cir. 2002) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 634 n.10 (1962)).