**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 14, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DOUGLAS R. ZINK,

      Petitioner,

  v.

MARION C. BLAKEY, Administrator,
Federal Aviation Administration,

      Respondent.

No. 07-9503
(No. SE-17414)
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge and
**TYMKOVICH**, Circuit Judge.

_____

Douglas Zink petitions for review of an order of the National

Transportation Safety Board (hereafter NTSB or Board) affirming the decision of

the Administrative Law Judge (ALJ), which in turn affirmed a suspension by the

Administrator of the Federal Aviation Administration (FAA) of Mr. Zink's airline

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

transport pilot's certificate.  We have jurisdiction to review the NTSB's order under 49 U.S.C. §§ 1153, 44709(f), and 46110(a), and we affirm.

Background

Mr. Zink was an FAA-certified pilot employed by Frontier Airlines.  The FAA proposed to suspend his airline transport pilot's certificate for 180 days after it determined that, on July 2, 2004, Mr. Zink, while piloting an Airbus 319 with paying passengers aboard, had failed to report the failure of an engine reverse thruster during a landing at Reagan National Airport in Washington, D.C., and a similar failure on the landing of the return flight at Denver International Airport.  Mr. Zink was represented by Joseph Thibodeau, an attorney selected and paid for by his union, the Frontier Airlines Pilot Association.

Through his attorney, Mr. Zink requested an informal conference with the FAA concerning the proposed suspension, as provided for in 49 U.S.C. § 44709(c) (hereafter "conference" or "informal conference").  After repeated requests for changes of venue for the conference and other dilatory conduct on the part of Mr. Thibodeau lasting over six months, counsel for the FAA informed the attorney that he would not agree to delay the informal conference beyond May 13, 2005.  When Mr. Thibodeau did not comply with this deadline, counsel wrote yet another letter urging him to contact the FAA if he wanted an informal conference.  The letter informed counsel that, if an informal conference had not taken place by

May 13, 2005, an Order of Suspension would enter against Mr. Zink on May 16, 2005. When no conference occurred, the Order of Suspension was entered on that date suspending Mr. Zink's certificate for 180 days.

Proceedings before the ALJ

Mr. Zink appealed the suspension to the Office of Administrative Law Judges at the NTSB. The FAA then filed a formal complaint, and Mr. Zink filed an answer denying all of the allegations against him and asserting affirmative defenses. On August 31, 2005, Mr. Zink submitted his initial response to the FAA's discovery requests. The FAA received notice on September 9, 2005, of the withdrawal of Mr. Thibodeau as Mr. Zink's attorney. In response to that development, FAA counsel wrote to Mr. Zink informing him that counsel considered the discovery responses to be "incomplete, unresponsive, evasive, and totally inadequate." Admin. R. at 72. Counsel gave Mr. Zink until September 16, 2005, to comply with the discovery request and threatened to file a motion to compel discovery if satisfactory responses were not received. When no additional responses were forthcoming, the FAA filed a Motion to Compel Discovery and Motion to Deem Certain of Complainant's Request[s] for Admission as Admitted which the ALJ granted on October 24, 2005.

On November 17, 2005, the FAA filed a motion for partial summary judgment which the ALJ granted on December 27, 2005. In January 2006, the

ALJ held a hearing devoted solely to the issue of sanction. The ALJ reduced Mr. Zink's suspension to 140 days, and Mr. Zink appealed to the NTSB.

Proceedings before the NTSB

In his appeal to the NTSB, Mr. Zink argued that (1) he had been denied his right to an informal conference; (2) the denials in his answer conflicted with the deemed admissions, thereby undercutting the validity of the ALJ's findings; (3) summary judgment was unwarranted; and (4) the ALJ erred in failing to allow Mr. Zink to present a full case in support of mediation at the hearing. *Id.* at 254-55. The NTSB affirmed the decision of the ALJ. In doing so, the NTSB noted that its ALJs "have significant discretion in overseeing discovery," *id.* at 296, including the discretion to impose sanctions, *id.* at 297. In light of the fact that Mr. Zink failed to respond to the FAA's motion to compel and did not supplement or further explain his earlier responses, the NTSB held that the ALJ's order deeming the deficient responses to the FAA's request for admissions to be admitted was "neither an abuse of discretion nor an inappropriate sanction." *Id.* at 297-98. The NTSB further held that the ALJ had properly granted summary judgment, upheld the ALJ's sanction determination and his conduct of the hearing, rejected Mr. Zink's contention that his self-reporting of the incident should have mitigated his penalty, and concluded that the FAA had provided Mr. Zink with the required opportunity for an informal conference, noting that

"§ 44709(c) confers a right to an *opportunity* to attend such a conference, but not an unqualified *right*." *Id.* at 299-300. (citing *Administrator v. Windwalker*, NTSB Order No. EA-4638, 1995 WL 854577 (1998)). Mr. Zink appealed the Board's decision to this court.

Discussion

> We review the NTSB's factual findings to determine whether they are supported by substantial evidence. In other respects the scope of our review is governed by 5 U.S.C. § 706 of the Administrative Procedures Act (APA). Under the APA we may overturn nonfactual aspects of the decision only if they are arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. In particular, we have held that we review issues of law, such as matters of statutory interpretation, de novo.

*Newton v. FAA*, 457 F.3d 1133, 1136 (10th Cir. 2006) (quotations, citations, and ellipsis omitted).

Although not listed as a separate issue in either his docketing statement filed in this court or in his statement of issues in his opening brief, Mr. Zink argues that he was denied his fundamental due process right to an informal conference prior to his suspension. NTSB precedent, however, holds that a person in Mr. Zink's position is entitled only to the opportunity for an informal conference. *Windwalker*, 1995 WL 854577, at *1. The facts here establish indisputably that Mr. Zink was given ample opportunity for an informal conference. *Oceanair of Fla., Inc. v. NTSB,* 888 F.2d 767 (11th Cir. 1989), is

inapposite because there, the FAA instituted new charges and a revised order against the respondent at the appeal stage without first granting the respondent an opportunity to be heard at an informal conference. *Id.* at 768-69. Those facts are absent here.

Mr. Zink's first listed issue on appeal is whether the ALJ violated his due process rights by deeming certain admissions admitted "because the FAA did not like the language in the responses, even though the responses were timely submitted and the responses, as made, were specifically provided for in the language of Fed. R. Civ. P. 36[.]" Aplt. Opening Br. at 2. This issue was not raised before the NTSB. Mr. Zink did not argue there that his responses were sufficient, nor did he argue any point with reference to Rule 36. We therefore do not address this issue on appeal. *See* 49 U.S.C. § 1153(b)(4) (specifying that "[i]n reviewing an order under this subsection, the court may consider an objection to an order of the Board only if the objection was made in the proceeding conducted by the Board or if there was a reasonable ground for not making the objection in the proceeding"). Mr. Zink's second issue, whether the ALJ erred in refusing to permit withdrawal or amendment of the admissions pursuant to Rule 36, is similarly waived because it was not argued before the NTSB.

Mr. Zinks third issue, whether the ALJ erred in granting summary judgment solely on the basis of the deemed admissions when Mr. Zink's answer raised genuine issues of material fact, is without merit. Mr. Zink's argument is largely a recitation of the hardship he experienced upon the withdrawal of his prior counsel. We note, however, that Mr. Zink acquiesced in the withdrawal, Admin. R. at 38, and further that a client "is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Gripe v. City of Enid*, 312 F.3d 1184, 1189 (10th Cir. 2002) (quotation omitted). Similarly, clients can be bound by the inaction of their lawyers. *Id*. (quotation omitted).

In further support of his third issue, Mr. Zink argues that the denials in his answer somehow trumped his insufficient responses to the FAA's requests for admissions and that, thus, there were genuine issues of material fact precluding summary judgment. He cites no case law in support of this theory. We agree with the Board that after the ALJ's appropriate discovery order deeming certain facts admitted, there were no genuine issues of material fact left to be decided regarding Mr. Zink's liability and that summary judgment was therefore proper. Mr. Zink's reliance on *Administrator v. Ocampo*, NTSB Order No. EA-5131, 2004 WL 3015187 (2004), is misplaced because, unlike Mr. Ocampo, Mr. Zink did not file "a timely, specific rebuttal of the Administrator's allegations,

followed by a timely opposition to the Administrator's motion to deem the allegations admitted." *Id.* at *1.

Lastly, Mr. Zink argues that he was denied the opportunity to present "a complete case in support of mitigation" at the hearing before the ALJ. Aplt. Opening Br. at 22. Our review of the hearing transcript establishes that Mr. Zink was able to testify to his belief that the warning light associated with the engine reverse thruster was giving a false reading. Admin. R. at 209-11. Mr. Dixon, the FAA's principal maintenance inspector, testified that no personal or property damage had occurred as a result of the thruster failure.[1] *Id.* at 200. And we agree with the NTSB that Mr. Zink has not established that his self-reporting of the incident should have properly affected the outcome of the sanction levied against him.

Conclusion

We conclude that the NTSB factual findings are supported by substantial evidence and that the nonfactual aspects of the decision are not arbitrary,

---

[1] In any event, this evidence would be irrelevant to a sanction determination. *See Administrator v. Florent,* NTSB Order No. EA-3777, 1993 WL 35353 at *2 (1993).

capricious, an abuse of discretion, or otherwise not in accordance with law. We

therefore deny the petition for review and affirm the decision of the NTSB.


Entered for the Court


Wade Brorby
Senior Circuit Judge