**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WENDEL ROBERT WARDELL, JR.,

Plaintiff-Appellant,

v.

ERIC H. HOLDER, JR., Attorney
General for the United States, in his
official capacity; TROY A. EID,
United States Attorney, in his official
capacity; MATTHEW T. KIRSCH;
UNITED STATES ATTORNEY'S
OFFICE FOR THE DISTRICT OF
COLORADO,

Defendants-Appellees.[*]

No. 08-1257

(D. of Colo.)

(D.C. No. 08-cv-176-ZLW)

---

**ORDER AND JUDGMENT**[**]

---

Before **LUCERO**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.[***]

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Defendants - Appellees request that Eric H. Holder, Jr. be substituted for Michael Mukasey as an Appellee in this case.

[**] This order and judgement is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[***] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Wendel (Robert) Wardell, Jr., a federal prisoner appearing pro se, appeals the district court's dismissal of his civil rights complaint for failure to pay an initial partial filing fee or to show cause why he could not pay. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## I. Background

Wardell filed his pro se complaint in the United States District Court for the District of Colorado. He also filed a motion for leave to proceed *in forma pauperis*, pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915. On May 2, 2008, a magistrate judge entered an order granting the motion. The order required Wardell to pay a $350.00 filing fee in installments and directed him to either pay an initial partial filing fee of $16.00 within thirty days or show cause why he could not do so. To show cause, Wardell would need to file a current certified copy of his inmate trust fund statement. On May 30, Wardell filed a "Motion for Modification/Clarification" of the magistrate judge's order, asserting the Bureau of Prisons (BOP) was improperly drawing money from his inmate trust fund account. Though his motion was not entirely clear, Wardell also appeared to indicate he lacked funds to pay the $16.00 initial partial filing fee. He failed, however, to comply with the magistrate judge's instruction that he include a certified copy of his inmate trust fund statement along with the motion.

In an order dated June 12, the district court dismissed Wardell's complaint without prejudice for failing to either pay the initial filing fee or submit a

-2-

certified copy of his inmate trust fund account showing he had no ability to pay. Through a Federal Rule of Civil Procedure 59(e) motion, Wardell asked the court to amend or alter its judgment. The Rule 59(e) motion asserted that Wardell had in fact arranged to have the $16.00 fee sent to the district court, but that the BOP did not send the money until after the magistrate judge's 30-day deadline had expired.

The district court denied the Rule 59(e) motion in an order dated June 28, finding that Wardell had failed to "allege the existence of any new law or evidence," and had not "convince[d] the court of the need to correct clear error or prevent manifest injustice." R., Doc. 20 at 3. The court noted that its docketing records showed it had still not received the $16.00 fee and concluded that "Wardell's unexplained 'arrangements' to have the initial partial filing fee paid to the Court and his conclusory assertion that prison officials failed to collect and transmit the [fee] . . . do not demonstrate he satisfied his responsibility to pay the initial partial filing fee." *Id.*

Wardell appeals the district court's judgment and its denial of his post-judgment Rule 59(e) motion. Because Wardell appears pro se, we construe his arguments on appeal liberally. *See de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007).

## II. Analysis

We review a district court's dismissal for failure to comply with a court order to pay a filing fee, as well as its denial of a Rule 59(e) motion, for an abuse of discretion. *KT & G Corp. v. Attorney General of the State of Oklahoma*, 535 F.3d 1114, 1133 (10th Cir. 2008); *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002). A trial court abuses its discretion when it makes "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Nalder v. W. Park Hosp.*, 254 F.3d 1168, 1174 (10th Cir. 2001) (quotation omitted).

We find the district court did not abuse its discretion in this case. On May 2, 2008, the magistrate judge established an initial partial filing fee of $16.00 and directed Wardell to pay this fee within thirty days or show cause why he could not do so. In his May 30 "Motion for Modification/Clarification," Wardell did not indicate he tried to pay the initial partial filing fee, and indicated he lacked funds to do so. Wardell also neglected to attach a certified copy of his inmate trust fund statement. Because Wardell failed to comply with the magistrate judge's instructions, the district court dismissed his claim on June 12, more than thirty days after the initial order.

Furthermore, when the district court reviewed Wardell's Rule 59(e) motion, it considered his explanation for failure to comply: that prison officials held his money order until after the fee deadline expired. Its conclusion that he did not provide adequate justification for failing to comply with the initial order,

-4-

particularly in light of having never received the initial partial filing fee, was not an "arbitrary, capricious, whimsical, or manifestly unreasonable judgment." Consequently, the district court acted within its discretion in dismissing Wardell's claim.

We note that the complaint was dismissed without prejudice and Wardell is free to refile consistent with court orders and the rules of civil procedure.

### III. Conclusion

For the foregoing reasons, we AFFIRM the district court's dismissal and denial of relief under Rule 59(e) for failure to pay the initial partial filing fee.

We also GRANT the request for leave to proceed without prepayment of the appellate filing fee and remind Mr. Wardell of his continuing obligation to make partial payments until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2).

Entered for the Court

Timothy M. Tymkovich
Circuit Judge