FILED
United States Court of Appeals
Tenth Circuit

June 24, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RUDY STANKO,

     Plaintiff-Appellant,

v.

BLAKE DAVIS, individually and in his
official capacity as a Warden; MICHAEL
K. NALLEY, individually and in his
official capacity as Regional Director;
HARLEY LAPPIN, individually and in
his official capacity as Director,
DEFENDANTS 1X THROUGH 6X,
individually and in he/she's [sic] official
capacity,

     Defendants-Appellants.

No. 09-1104

(D.C. No. 07-CV-01791-ZLW-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

_____

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Rudy Stanko filed a complaint in forma pauperis ("IFP") alleging that defendant prison officials violated his constitutional rights. Pursuant to 28 U.S.C. § 1915(b)(1), the district court ordered Stanko to pay the $350 filing fee, divided into a $64 initial partial filing fee and the remainder in installments. Although Stanko paid the initial partial filing fee, the court did not receive any subsequent payments. After issuing an order directing Stanko to show cause for his failure to make the payments or to "show cause . . . why he has no assets," R. at 14, the district court dismissed Stanko's complaint without prejudice. Stanko now appeals pro se. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

I

Stanko, a federal prisoner, filed a complaint against Blake Davis, Michael Nalley, Harley Lappin, and six unnamed defendants. On September 18, 2007, the district court granted Stanko's request to proceed IFP, but also ordered Stanko to pay the $350 filing fee in installments regardless of the outcome of his action. In this order, the district court instructed Stanko "either to make the required monthly payments or to show cause each month why he has no means by which to make the monthly payment." R. at 49–50. The district court also instructed Stanko to provide a current certified copy of his inmate trust fund account statement and warned him that failure to comply with the order would result in the dismissal of his complaint.

Stanko objected to the September 18, 2007 order. The district court overruled this

2

objection. Stanko appealed; we dismissed this appeal for failure to prosecute. On January 2, 2008, Stanko paid the $64 initial partial filing fee. The district court received no subsequent payments.

On December 23, 2008, the district court ordered Stanko to show cause for his failure to comply with the September 18, 2007 order. Again, the district court warned Stanko that if he did not show cause, the district court would dismiss his complaint. Stanko responded that he made payments from September 2008 to December 2008, and was then out of funds. R. at 34. Stanko indicated that he made payments totaling $423.79. Id. Stanko also submitted statements from his trust account indicating court payments from September to December 2008.

After reviewing Stanko's response, the district court dismissed his complaint without prejudice. The court noted, "Although the uncertified trust fund account statement . . . that Mr. Stanko attaches to his response does show payments made from his trust fund account, none of those payments have been received by this Court in this action." R. at 51. Based on Stanko's failure to explain why he did not make monthly payments or show cause why he was unable to do so, the district court found that Stanko failed to show cause and failed to follow the September 18, 2007 order.

Based on these failures, the district court applied the five factors established in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992), to dismiss Stanko's complaint under Federal Rule of Civil Procedure 41(b). The factors are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the

3

culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F. 2d at 921 (internal citations, quotation and alterations omitted). First, the district court found that there was insufficient prejudice to the defendants to warrant dismissal. Second, the court found interference with the judicial process because "[r]ather than attending to the merits of this and other cases on the Court's docket, the Court has been required to devote attention to [Stanko's] failure to comply with a Court order and with the requirements of 28 U.S.C. § 1915(b)." R. at 55. The court also found Stanko's conduct evidenced a lack of respect for the judicial process. Third, the district court found Stanko culpable because he "fail[ed] to address his failure to show cause to [the district] Court if he was unable to make monthly filing fee payments; the copy he provide[d] of his trust fund account . . . only covers a portion of the time in question . . . ." R. at 55–56. Fourth, the district court noted that it warned Stanko of the possibility of dismissal if he failed to follow the court's orders. Fifth, the district court found that because Stanko proceeds IFP, a monetary sanction would be ineffective. Weighing these factors, the district court dismissed Stanko's complaint.

On appeal, Stanko raises three arguments. First, Stanko argues that the dismissal of his complaint violates his statutory rights under 28 U.S.C. § 1915. Second, Stanko argues that the dismissal violates his rights under the Seventh Amendment. Third, Stanko argues that the dismissal violates his constitutional rights to due process. Because Stanko proceeds pro se, we construe these arguments liberally. Weinbaum v. City of Las Cruces,

4

N.M., 541 F.3d 1017, 1029 (10th Cir. 2008).

## II

"We review for an abuse of discretion the district court's decision to impose the sanction of dismissal for failure to follow court orders . . . ." Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002). "An abuse of discretion occurs when a district court makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances. This occurs when a district court relies upon an erroneous conclusion of law or upon clearly erroneous findings of fact." Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135, 1143 (10th Cir. 2007) (citation, quotation, and brackets omitted). "Rule 41(b) involuntary dismissals should be determined by reference to the Ehrenhaus criteria." Gripe, 312 F.3d at 1188 (quotation omitted). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." Ehrenhaus, 965 F.2d at 918.

Construed liberally, Stanko argues that the district court abused its discretion in dismissing his case because: (1) it ignored that funds were removed from his account from September to December 2008; and (2) improperly placed the administrative burden of paying the filing fees on Stanko. Stanko highlights the statutory language that "[t]he court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law" and "[t]he agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court." 28 U.S.C. 1915(b)(1), (2). These arguments, however, ignore additional bases for the district court's dismissal.

5

The district court dismissed the case under Fed. R. Civ. P. 41(b) for failure to comply with court orders—specifically, its orders requiring him to make partial filing fee payments each month or to show cause why he could not do so. Neither Stanko's present statutory argument, his constitutional arguments, nor his submission of account records from September 2008 to December 2008 addresses his failure to follow the court's orders from January 2008 to September 2008. Indeed, Stanko's response to the show cause order implicitly acknowledged his failure to comply with the district court's order from January 2008 to September 2008. R. at 34 ("Beginning in the month of September 2008, I consented to the Bureau of Prisons to use 40%, not 20%, of my trust account for payment to the U.S. Courts . . . ." (emphasis added)).

In sum, the district court ordered Stanko to make partial filing fee payments or to show cause why he could not do so. For at least seven months, Stanko failed to follow this order. The district court ordered Stanko to show cause for this failure. Stanko made no effort to explain his failure regarding those seven months. The district court applied the Ehrenhaus factors to dismiss Stanko's complaint. On appeal, Stanko makes no argument that the district court erred in its application of these factors. On review, we discern no clear error of judgment or application of an impermissible choice. Accordingly, we conclude that the district court did not abuse its discretion in dismissing Stanko's complaint.

III

We affirm.  Stanko's motion for leave to proceed in IFP on appeal is denied, and he is directed to comply with this court's prior order entered April 28, 2009, by continuing to make the payments directed therein.

Entered for the Court


Mary Beck Briscoe
Circuit Judge