**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TONYA MCDANIEL,

     Plaintiff - Appellant,

and

ASHLEY MCDANIEL,

     Plaintiff,

v.

CITY AND COUNTY OF DENVER;
DENVER DISTRICT ATTORNEY;
INTERNAL AFFAIRS; INDEPENDENT
MONITOR; GLEN LEVY; DIANE
ARAGON; OFFICER CHERYL SMITH;
OFFICER W. BOHM, badge number
13070; OFFICER  LITTLE, badge number
07040; DETECTIVE LORI FREUND;
JUDGE KENNETH LAFF,

     Defendants - Appellees.
_____

ASHLEY MCDANIEL,

     Plaintiff - Appellant,

and

TONYA MCDANIEL,

     Plaintiff,

v.

CITY AND COUNTY OF DENVER;
DENVER DISTRICT ATTORNEY;
INTERNAL AFFAIRS; INDEPENDENT
MONITOR; GLEN LEVY; DIANE

No. 15-1302
(D.C. No. 1:15-CV-00989-LTB)
(D. Colo.)

No. 15-1303
(D.C. No. 1:15-CV-00989-LTB)
(D. Colo.)

ARAGON; OFFICER CHERYL SMITH;
OFFICER W. BOHM, badge number
13070; OFFICER LITTLE, badge number
07040; DETECTIVE LORI FREUND;
JUDGE KENNETH LAFF,

     Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

Tonya McDaniel and Ashley McDaniel appeal the district court's dismissal of their complaint for failure to comply with two court orders. Because we conclude that the McDaniels have forfeited appellate review, we affirm.

The McDaniels, representing themselves, attempted to sue 12 defendants for 19 claims related to the investigation of a property dispute. The district court dismissed the complaint without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with two court orders to cure deficiencies in the complaint. On appeal, the McDaniels ask this court "to reopen the case and allow it to simply be heard by the courts." Aplt. Br. at 4. They argue "dismissal was a harsh way to end the proceedings due to the case." *Id.*

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

We review a district court's dismissal of an action under Rule 41(b) based on a party's failure to comply with a court order for an abuse of discretion. *See Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002).

Because the McDaniels proceed pro se, we liberally construe their brief and apply a more forgiving standard than the standard we apply to attorney-drafted filings. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But pro se parties must follow the same procedural rules that govern other litigants. And we won't act as their advocate by formulating arguments or scouring the record on their behalf. *Id.*

In their brief, the McDaniels don't argue the district court incorrectly applied the facts or the law. Nor do they offer any legal authority, citations to the record, or legal argument for us to review. *See* Fed. R. App. P. 28(a)(8)(A) (requiring "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (noting we routinely refuse to consider arguments that fail to meet Rule 28's requirements). Because the McDaniels have forfeited appellate review by failing to assert a legal argument, we affirm the district court's dismissal of their complaint.

Finally, because we conclude the McDaniels have failed to offer "a reasoned, nonfrivolous argument" on appeal, *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted), we deny their motions to

proceed in forma pauperis and remind them of their immediate obligation to pay the filing fee in full.

Entered for the Court


Nancy L. Moritz
Circuit Judge