**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 25, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARTI LUNDAHL,

     Plaintiff - Appellant,

and

HOLLIE TELFORD,

     Plaintiff,

v.

GLOBAL E. LLC d/b/a PIONEER PARK
MHC; LINCOLN COUNTY DISTRICT
JUDGE, a/k/a Nena James, in her official
capacity; CENTURYLINK PUBLIC
COMMUNICATIONS INC.; ANN
CLAYTON, individually; JUDY
CARRILLO, individually; MICHAEL
STULKEN, individually,

     Defendants - Appellees.

No. 15-8120
(D.C. No. 2:15-CV-00178-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

     [*] After examining the appellant's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Marti Lundahl appeals the district court's dismissal of her complaint based on co-plaintiff Hollie Telford's failure to abide by certain filing restrictions.[1] Because we conclude the district court didn't abuse its discretion, we affirm.

In 2014, the district court imposed filing restrictions on Holli Lundahl. Specifically, the district court enjoined "Holli Lundahl (and all of her aliases, including 'Holli Telford')" from proceeding as a plaintiff in the District of Wyoming unless a Wyoming-licensed attorney represents her or she first receives permission to proceed pro se. R. vol. 1, at 61-62 (footnote omitted). The district court specifically listed "Marti Lundahl" as one of Holli Lundahl's known aliases. R. vol. 1, at 61 n.1. In its order, the court warned that if Holli Lundahl submitted a pro se complaint without first obtaining permission to do so, it would summarily dismiss the complaint.

In 2015, Marti Lundahl and Hollie Telford were listed as plaintiffs in a pro se complaint filed in the District of Wyoming. The district court dismissed the complaint, citing Holli Lundahl's failure to obtain permission to proceed pro se as required by its previous order. The court noted that its previous order applied to Holli Lundahl if she proceeded under "some spelling variation of 'Holli Telford' or 'Marti Lundahl.'" R. vol. 1, at 54. The district court acknowledged that Holli Lundahl has a sister named Marti Lundahl. Nevertheless, the court noted that it was "also apparent

---

[1] Because Marti Lundahl proceeds pro se, we construe her brief liberally. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1243 n.4 (10th Cir. 2015). But we won't act as her advocate by formulating arguments or scouring the record on her behalf. *See id.*

Holli Lundahl simply uses her sister as a pawn in Holli's vexatious litigation tactics" and cited similar activities in a previous case in the same court. R. vol. 1, at 54 n.1.

Marti Lundahl appeals,[2] arguing she isn't bound by the district court's previous order imposing filing restrictions on Holli Lundahl because she wasn't a party to that case. We review for abuse of discretion a district court's decision to dismiss based on a party's failure to comply with a court order. *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002).

An injunctive order binds a nonparty who is "in active concert or participation with" a party and has actual notice of the order. Fed. R. Civ. P. 65(d)(2)(C). Such an order binds a participating nonparty because if courts didn't have the authority to do so "the named parties could easily thwart the injunction by operating through others." *ClearOne Commc'ns, Inc. v. Bowers*, 651 F.3d 1200, 1215 (10th Cir. 2011) (quoting *Sec. & Exch. Comm'n v. Homa*, 514 F.3d 661, 674 (7th Cir. 2008)). Accordingly, the rule encompasses an alter ego or someone who aids or abets the named party. *See Reliance Ins. Co. v. Mast Constr. Co.*, 84 F.3d 372, 377 (10th Cir. 1996).

Here, Marti Lundahl correctly points out that she wasn't a party to the action in which the district court imposed filing restrictions on her sister. But if we presume, as the district court did, that Holli Lundahl simply used Marti Lundahl's name as her alter ego, the injunctive order expressly applied to "Marti Lundahl" as one of Holli

---

[2] This court dismissed Hollie Telford from this appeal for failing to comply with filing restrictions we previously imposed on Holli Lundahl. *See Johnson v. Stock*, 2005 WL 1349963, at *3-4 (10th Cir. 2005). We allowed the appeal to proceed with Marti Lundahl as the sole appellant.

Lundahl's known aliases. R. vol. 1, at 61 n.1. And even if we presume Marti Lundahl genuinely participated, she aided her sister's disobedience by jointly filing this suit as a co-plaintiff before her sister received the district court's permission to proceed pro se.[3] Under both alternatives, Marti Lundahl is bound by the district court's injunctive order, either as an alter ego or as an active participant aiding her sister. *See Reliance*, 84 F.3d at 377; Fed. R. Civ. P. 65(d)(2)(C). Therefore, the district court did not abuse its discretion in dismissing the complaint, and we affirm the dismissal.[4] We also deny Marti Lundahl's motion to proceed in forma pauperis on appeal.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[3] Marti Lundahl's brief recounts that in filing this suit, "Plaintiffs sent to the federal court . . . a petition to proceed pro se pursuant to a void contempt judgment issued by Judge Skavdahl" along with the complaint and other documents. Aplt. Br. at 4. Thus, Marti Lundahl had actual notice of the injunctive order as indicated by her awareness that she, as one of the plaintiffs, sent the court her sister's petition to proceed pro se as required by the court's order.

[4] Marti Lundahl raises other issues unrelated to the district court's dismissal order, none of which were raised below. Generally, we don't consider theories raised for the first time on appeal, and because there's no argument for plain error, we decline to address these issues. *See Martinez v. Angel Expl., LLC*, 798 F.3d 968, 974 (10th Cir. 2015).