**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CEDRIC GREENE,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 21-1277
(D.C. No. 1:21-CV-02042-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Cedric Greene is a California resident who is subject to filing restrictions in this and numerous other courts due to his abusive litigation history. In this appeal, he challenges the dismissal of his pro se action for failure to comply with the district court's filing restrictions. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's judgment and deny Greene's request to proceed on appeal without prepayment of fees and costs.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

This court had previously imposed filing restrictions on Greene, and, recounting his abusive litigation history, we recently expanded those restrictions to enjoin him from filing further pro se civil appeals in this court without obtaining leave to do so.  *See Greene v. First to Serve, Inc.*, No. 21-1246; *Greene v. 7-Eleven*, No. 21-1278, 2022 WL 386233, at *2-4 (10th Cir. Feb. 9, 2022).  To the extent Greene asks us to lift our filing restrictions, *see* Aplt. Br. at 2, his request is denied. We consider this appeal, however, because our expanded filing restrictions apply prospectively.

The district court imposed its filing restrictions on Greene because he had filed some nine other actions, many of which were dismissed for improper venue, lack of jurisdiction, or both.  *See* Order Dismissing Action & Imposing Filing Restrictions at 5-6, *Greene v. Off. of Comptroller*, No. 19-CV-821 (D. Colo. June 13, 2019), ECF No. 10.  Greene appealed that decision, but he did not challenge the district court's filing restrictions, and we affirmed.  *See Greene v. Off. of Comptroller*, 776 F. App'x 983, 984 (10th Cir. 2019).

Without complying with the district court's filing restrictions, Greene initiated the action underlying this appeal by filing a pro se pleading in the district court seeking review of a social security benefits decision.[1]  Although he acknowledged he

---

[1] Greene has twice previously appealed adverse decisions involving the same subject matter, both resulting in dismissals for lack of prosecution.  *See Greene v. Comm'r*, No. 19-1467 (10th Cir. Nov. 19, 2020); *Greene v. Comm'r*, No. 19-1189 (10th Cir. Nov. 5, 2019).

is not a resident of Colorado, Greene suggested the district court should have waived its venue requirements. He also asked to be "exonerated" from the district court's filing restrictions. R. at 3. The district court dismissed the case for failure to comply with its filing restrictions, which the court declined to lift, and Greene appealed.

## II

The district court did not abuse its discretion by dismissing Greene's case. *See Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (reviewing sanction of dismissal for failure to follow court order and rules for abuse of discretion). The district court's filing restrictions provided that if Greene wished to proceed pro se, he was required to file a proposed pleading and seek leave to proceed pro se; he was also required to provide the district court clerk with: A) a list of all his pending and previous lawsuits filed in the District of Colorado and the status of all such lawsuits; B) a statement of the issues and whether they had been previously raised; and C) a notarized affidavit certifying that his arguments were not frivolous or made in bad faith, that they were warranted by the law or a good-faith argument for alteration of the law, that venue was proper, that the action was not brought for any improper purpose, and that he would comply with all applicable court rules. *See* Order Dismissing Action & Imposing Filing Restrictions at 6-7, *Off. of Comptroller*, No. 19-CV-821. Greene did not comply with these requirements.

Greene asks that we "exonerate" him from the district court's filing restrictions, Aplt. Br. at 4, but if he wished to challenge those restrictions, he was obligated to challenge them on appeal from the order that imposed them, *see Werner*

*v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994) (per curiam) ("[I]f petitioner disagrees with the district court's filing restrictions, his avenue for review is an appeal from the order establishing the restrictions."). He did not. *See Off. of Comptroller*, 776 F. App'x at 984. And he may not collaterally challenge them now in this appeal. *See Stine v. Fed. Bureau of Prisons*, 506 F. App'x 846, 848 (10th Cir. 2013) ("[T]o the extent Plaintiff is challenging the terms or scope of the filing restrictions, he cannot collaterally attack those restrictions in this proceeding . . . ."). We thus affirm the district court's dismissal for failure to comply with its filing restrictions.

III

The district court's judgment is affirmed. Greene's request that we lift our filing restrictions is denied. Because Greene fails to raise a non-frivolous argument, his motion to proceed on appeal without prepayment of costs and fees is denied as well. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

4