**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BONNIE BAKER, individually, and on
behalf of the Estate of Joel Baker,

Plaintiff-Appellant,

v.

ALLIED CHEMICAL CORPORATION;
GENERAL CHEMICAL
CORPORATION; HONEYWELL
INTERNATIONAL, INC.;
CONNECTICUT GENERAL LIFE
INSURANCE COMPANY; GUARDIAN
LIFE INSURANCE; JOHN DOES;
JANE DOES,

Defendants-Appellees.

No. 11-8110
(D.C. No. 2:11-CV-00130-ABJ)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **EBEL**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Bonnie Baker, proceeding pro se, appeals from several district court orders entered in favor of defendants. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Ms. Baker's husband, Joel Baker, was seriously injured in a work-related accident on September 8, 1975, resulting in him becoming a quadriplegic. He died from pneumonia more than thirty-three years after the accident.

His former employer, Allied Chemical Corp., allegedly provided group life insurance issued by Connecticut General Life Insurance Co. and Guardian Life Insurance Co. After his death, Ms. Baker, as heir and beneficiary, sought to collect the life insurance benefits. Connecticut General approved only a $2,000 payment, denying the remainder of the claimed amount. Guardian denied her claim in total.

Thereafter, beginning her pattern of filings in the district court, Ms. Baker filed a lengthy complaint, with attachments, against Allied Chemical, General Chemical Corp., Honeywell International, Inc., Connecticut General, and Guardian. She referred to the Employee Retirement Income Security Act of 1974 (ERISA) and asserted various claims of theft, conversion, and misappropriation of life insurance benefits; personal injury and wrongful death; breach of contracts; fraud; and failure to deal in good faith.

Honeywell and its predecessor Allied Chemical moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief.[1] They alleged, among other things, that (1) they were not proper parties to an ERISA claim because they were not the administrator of or decision-maker regarding the life insurance plan; and (2) all state-law claims were preempted by ERISA. They served the motion on Ms. Baker through the court's electronic case filing system (ECF). Connecticut General also filed a Rule 12(b)(6) motion to dismiss, serving Ms. Baker the same way, and arguing that ERISA preempted the state-law claims.

Ms. Baker filed an amended complaint, asserting the same claims she asserted in the complaint. Allied Chemical, Honeywell, and Connecticut General moved to dismiss the amended complaint for the same reasons they asserted in their first motions. They served their motions on Ms. Baker by ECF. She responded to these motions several times over the course of the proceedings.

The district court clerk's office informed Ms. Baker that pro se parties may not file documents through ECF. After receiving this information, she filed notice that defendants had improperly served her by ECF, despite admitting that she used her PACER account to access the filings. Two days later, Ms. Baker filed notice that she would not file a motion to compel defendants to properly serve their previous filings

---

[1]     The motion to dismiss indicated that Allied Chemical was no longer an existing corporation, and Honeywell was its successor.

as they had begun to do so, although she later filed an amended notice that defendants failed to serve her properly.

Thereafter, the magistrate judge granted Guardian's request for an extension of time to file a response to the amended complaint. Ms. Baker twice opposed the extension. Like the other defendants, Guardian filed a Rule 12(b)(6) motion to dismiss asserting that ERISA is an exclusive remedy preempting Ms. Baker's state-law claims. In responding to this motion, she asserted Guardian's default, and asked for recusal of the magistrate judge.

Soon after the parties held a telephone conference to plan for discovery as is required by Federal Rule of Civil Procedure 26(f), Ms. Baker filed notice of misrepresentations by defendants during the conference and asked that it be declared null and void. She also filed a motion to strike the motions to dismiss filed by Honeywell and Allied Chemical and by Connecticut General, alleging that their motions misrepresented facts. The next week, she filed a document allegedly showing that the parties' telephone conference was null and void, because, among other reasons, no defendant had answered the complaint and defendants made misrepresentations during the conference. Defendants responded to these motions, and indicated that if Ms. Baker persisted with her filings they would seek sanctions against her under Federal Rule of Civil Procedure 11.

Thereafter, Ms. Baker moved to amend her complaint to add claims for violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), for

theft of the proceeds of an accidental death and dismemberment policy, and for violations of her constitutional rights. Her motion was missing three pages, and she did not attach a proposed amended complaint.

Subsequently, Ms. Baker filed notice that she would be filing motions to strike defendants' filings, to find Guardian and Connecticut General in default, to direct a verdict against Honeywell and Allied Chemical, and to recuse the magistrate judge. The next week, she filed a motion asking the court to appoint her as personal representative of her deceased husband's estate and notifying the court that she intended to file motions asserting that Guardian and Connecticut General were in default and that the court should strike all defendants' motions to dismiss based on their alleged misconduct, misrepresentations, and due process violations. Three days later, Ms. Baker filed a notice that she may need to add additional defendants. And, thereafter, she filed a motion asking the magistrate judge to self-assess his ability to act impartially with respect to a pro se plaintiff.

On October 28, 2011, the district court entered three orders. The first order granted Ms. Baker's request that all dispositive motions and proceedings be heard by the district court, rather than a magistrate judge. The second order denied her motion to have the informal Rule 26(f) conference declared null and void, as she had an obligation to comply with the Federal Rules of Civil Procedure and local court rules and cooperate in the discovery process despite the fact that there were dispositive motions pending. The court noted that Ms. Baker had failed to meaningfully engage

in the process and instead had barraged the court and defendants with numerous meaningless and frivolous pleadings irrelevant to the issues raised in the pending dispositive motions. The court advised her against continuing to proceed in this manner. In the third order, the court denied any motions seeking to recuse the magistrate judge, pointing out that Ms. Baker failed to support her submission with discussion of the applicable law or meaningful argument and that most of her complaints were about adverse rulings.

Thereafter, Ms. Baker continued with her filings, including a motion to strike her motion to amend and to replace it with a complete document that was not missing any pages.

The district court granted defendants' motions to dismiss. First, the court found that Ms. Baker sought payment of benefits from the insurance policies and therefore all state-law claims are related to ERISA and must be dismissed with prejudice because they are preempted by ERISA. Further, the court found that Honeywell[2] was not a proper defendant because it was an employer or sponsor of the plan, and not the plan itself or an entity that possessed decision-making authority or controlled administration of the plan. Based on these findings, the court dismissed all claims against Honeywell, General Chemical, and Allied Chemical with prejudice. Recognizing that Connecticut General and Guardian had not sought dismissal of

---

[2] The court referred to Allied Chemical, General Chemical, and Honeywell interchangeably and regarded all three as Mr. Baker's employer.

Ms. Baker's ERISA claims, the court stated those claims would be decided in future proceedings. The court found that Guardian had not defaulted, because it had been granted an extension of time to file an answer and it had filed a motion to dismiss within that time period. Lastly, the court advised Ms. Baker to comply with the Federal Rules of Civil Procedure and local court rules and to limit her submissions accordingly or they might be dismissed without notice if they asserted claims that were unwarranted by existing law, were frivolous, or would increase delay or the expense of litigation.

In four separate orders, the court (1) denied Ms. Baker's request to amend her complaint as futile and causing unnecessary delay because she sought to add claims that would be preempted by ERISA; (2) denied as moot her request to withdraw the motion to strike the motion to amend that contained insufficient pages and replace it with a motion to amend containing all pages; (3) denied as frivolous and vexatious her motion seeking to strike various filings of defendants; and (4) granted her motion to recognize her as her husband's personal representative, but denied the motion to the extent it raised other claims, which the court deemed irrelevant, groundless, frivolous, and not in compliance with court rules.

Ms. Baker then filed two separate notices opposing all of the court's orders and asserting that the court was biased and prejudiced. The court struck both notices and dismissed the case with prejudice under Federal Rule of Civil Procedure 41(b), which permits dismissal for failure to comply with court orders or the Federal Rules

of Civil Procedure.  Characterizing the notices as bordering on scurrilous, the court found that they were not supported by legal authority.  The court determined that Ms. Baker had waived any ERISA claims and therefore there were no remaining claims.  Further, the court observed that despite prior warnings she had failed to comply with procedural rules and persisted in filing vexatious, frivolous, and unsupported pleadings that were designed to unnecessarily delay, harass, or increase litigation costs.

## ANALYSIS

Ms. Baker asks this court to reverse all district court orders because she believes she did not receive a fair hearing.  Specifically, she asserts that (1) defendants caused a tortured procedural case history due to their failure to serve her properly and their misrepresentations; (2) the court was biased and prejudiced due to defendants' conduct, and the court wrongly attributed the tortured procedural history to her; (3) the court's orders are erroneous and factually unsupported; (4) the court wrongly denied her an opportunity to file an amended complaint and to correct the motion to file an amended complaint; and (5) the court should have determined that Guardian defaulted.

Before addressing Ms. Baker's arguments, we set forth the parameters of our review of her pro se pleadings.  We liberally construe her pleadings, but insist that she follow the rules of procedure.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  "[W]e make some allowances for [her] failure to

- 8 -

cite proper legal authority, h[er] confusion of various legal theories, h[er] poor syntax and sentence construction, or h[er] unfamiliarity with pleading requirements." *Id*. But we "cannot take on the responsibility of serving as [her] attorney in constructing arguments and searching the record." *Id*.

Bearing these parameters in mind, we now consider Ms. Baker's first argument that defendants failed to serve their initial filings on her by mailing through the United States Postal Service as they were required to do, since she, as a pro se litigant, was not allowed to file court documents electronically. It is true that defendants (other than Guardian) served their motions to dismiss and other initial pleadings electronically. But Ms. Baker concedes she was able to respond to the filings because she had a PACER account and was aware of the filings. Despite her allegation that she rushed to meet her filing deadline to respond to the motions to dismiss of Allied Chemical, Honeywell and Connecticut General, she does not indicate what further research she would have done or how she would have responded differently if she had had more time to respond. Nor did she ask the district court for an extension of time to file her responses. Furthermore, she filed several other responses to the motions to dismiss, which could have, but did not, contain additional legal authority or helpful argument. Accordingly, we conclude there was no legal error. Ms. Baker also contends that defendants made false misrepresentations, but her assertions of misrepresentations by the defendants are conclusory and unsupported.

Second, Ms. Baker argues that the district court was biased because the court wrongly attributed the tortured case procedures to her. She contends the court's orders beginning on October 28, 2011, evidence the court's bias. We disagree. This case is not an exception to the general view that a court's orders are not a basis for an allegation of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Nothing in the district court proceedings supports a determination of bias, as the court exhibited no favoritism or antagonism that would preclude the court from entering a fair judgment. *See id.* Indeed, our review of the record convinces us no reasonable person would question the court's impartiality. *See United States v. Cooley*, 1 F.3d 985, 992-93 (10th Cir. 1993). If anything, the court exercised much patience in allowing Ms. Baker latitude to file many pleadings. Accordingly, we conclude that the court did not abuse its discretion in declining to recuse. *See Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987) (per curiam).

Third, Ms. Baker argues that the district court's orders are erroneous and factually unsupported. Although Ms. Baker states that she challenges each of the district court's orders, she has not asserted specific claims regarding each order. Nonetheless, we have reviewed the record and relevant law, and we conclude that the district court's orders are not erroneous and are factually supported. We specifically address only the two dismissal orders.

We review the district court's Rule 41(b) dismissal order for an abuse of discretion. *See Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002).

- 10 -

Before dismissing under Rule 41(b), the district court appropriately considered, on the record, certain factors:  (1) the amount of prejudice to defendants; (2) plaintiff's interference with the judicial process; (3) plaintiff's culpability; (4) warnings of the court that dismissal is a likely sanction for noncompliance; and (5) the possibility of lesser sanctions.  *See id*. (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).  Upon review of the entire record, we conclude the district court acted within its discretion in dismissing under Rule 41(b).  Ms. Baker's litigiousness prejudiced defendants by causing them to respond to numerous motions and to incur attorney's fees.  Ms. Baker willfully and repeatedly failed to comply with the court's orders to follow court rules, even doing so after the district court notified her that noncompliance with the rules might result in dismissal of the case without hearing or notice.  Because Ms. Baker stated that she was not raising any ERISA claims, lesser sanctions would not have been appropriate.  Thus, the record supports a determination that all five factors were established and Rule 41(b) dismissal was appropriate.

We review the district court's Rule 12(b)(6) dismissal for failure to state a claim for relief de novo.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In addition to the complaint, federal courts also consider the attachments to the complaint.  *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).  The district court applied these standards.  For the reasons stated by the district court, it is clear that Ms. Baker cannot state a plausible claim (1) against Honeywell or Allied Chemical because her state-law claims are preempted under ERISA and these two entities are not proper defendants under ERISA; and (2) against Connecticut General and Guardian because her state-law claims are preempted under ERISA.  *See* R. at 1206-12.

Fourth, Ms. Baker argues the district court should have permitted her to file a second amended complaint and to add the three pages left out of her motion to file a second amended complaint.  The district court denied leave to amend as futile because Ms. Baker sought to add claims that were preempted by ERISA.  We review the district court's decision denying leave to amend for an abuse of discretion, but we review the court's finding of futility de novo.  *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Sch.*, 565 F.3d 1232, 1249 (10th Cir. 2009).  As the district court found, it is clear that amendment would have been futile.  In light of Ms. Baker's repeated statement that this is not an ERISA case and the fact that she cannot prevail on the facts she has alleged, it would have been futile to allow her an opportunity to

amend to add claims preempted by ERISA. *See Gee*, 627 F.3d at 1195. Nor can she state a plausible claim against defendants under RICO or the Constitution. Thus, the court did not abuse its discretion.

Lastly, Ms. Baker's argument that Guardian defaulted is without legal merit. As the district court found, Guardian filed a timely motion to dismiss. *See* R. at 1216-17.

## CONCLUSION

We conclude that all arguments made by Ms. Baker, either addressed in this order and judgment explicitly or not, are without legal merit. Thus, the judgment of the district court is AFFIRMED. Ms. Baker's motion for this court to take judicial notice of two unrelated Wyoming federal district court actions and her request for leave to apply to the district court for a certificate of appealability are DENIED as moot.[3]

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[3] In prior orders, this court informed Ms. Baker that a certificate of appealability was unnecessary.