FILED
United States Court of Appeals
Tenth Circuit

November 4, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ILANA REINHARDT,

     Plaintiff - Appellant,

v.

TERRY LEE HOPPS, individually; THE
STATE OF OKLAHOMA, ex rel.
UNIVERSITY OF OKLAHOMA,

     Defendants - Appellees.

----------------------------------

THE STATE OF OKLAHOMA, ex rel.
THE CLEVELAND COUNTY
DISTRICT COURT; TERRY HOPPS
JEWELRY DESIGNS, domestic
business; JEQUITA H. NAPOLI, Special
Judge, in her individual and official
capacity; THE STATE OF
OKLAHOMA, ex rel. CLEVELAND
COUNTY SHERIFF'S DEPARTMENT;
FRANK ANDREWS, Deputy Sheriff, in
his individual and official capacity;
WANDA PETERSON, Deputy Sheriff, in
her individual and official capacity;
JANE DOE, public servant, in her
official and individual capacity; CITY
OF NORMAN, Municipality, ex rel.
NORMAN POLICE DEPARTMENT;
NORMAN POLICE DEPARTMENT
CALL SERVICE, officer(s) in individual
capacities or 911,

     Defendants.

No. 14-6052
(D.C. No. 5:11-CV-00979-W)
(W.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Ilana Reinhardt, proceeding pro se, appeals the district court's judgment against her in her suit against her former landlord, Terry Lee Hopps, and several other defendants under 42 U.S.C. §§ 1981, 1982, 1983, and 1985; the Fair Housing Act of 1968 (FHA), *id.* §§ 3601-31; other federal statutes; and Oklahoma state law. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

For various reasons, the district court dismissed the claims against all defendants other than Ms. Hopps. It also dismissed many of the claims against Ms. Hopps, but it allowed three federal claims (under the FHA, § 1981, and § 1982) and four state-law claims to proceed toward trial. Later, the court granted summary judgment to Ms. Hopps on the FHA claim and on the §§ 1981 and 1982 claims to the extent they were based on religion and sex discrimination, rather than racial discrimination. That left for trial only a portion of the §§ 1981 and 1982 claims and the four state-law claims. Trial was set for February 11, 2014.

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The deadline to file pretrial materials was January 29, 2014.  Several days before the deadline, the court issued an order allowing Ms. Reinhardt to submit her pretrial materials through e-mail.  On January 29, the court granted Ms. Reinhardt's request for a one-day extension of time for her filings.  On January 30, Ms. Reinhardt requested a second one-day extension, which the court denied.

Ms. Hopps moved to dismiss the matter or to strike Ms. Reinhardt's witnesses and exhibits for failure to comply with the pretrial deadlines.  The court set the motion for hearing on February 5 at 10:30 a.m.  It directed Ms. Reinhardt to submit a response through e-mail and advised her "that her failure to file a response or her failure to appear at the hearing may result in confession of the defendant's motion and/or dismissal of this action."  R. Vol. 5 at 302.  Ms. Reinhardt duly filed a response, but she did not arrive at the courthouse by 10:30 on February 5 (apparently she was delayed in transit).  After a brief wait, the district court convened the hearing and granted Ms. Hopps' motion to dismiss the action.  It later issued a written order memorializing its reasons for entering a dismissal with prejudice.

On appeal, we apply the liberal construction rule applicable to a pro se appellant's brief and identify the following arguments:  (1) Ms. Reinhardt was prejudiced in not receiving accommodations afforded to persons appearing through counsel, particularly the ability to make filings through the court's electronic filing system; (2) the district judge who heard the case and the magistrate judge assigned to conduct a settlement hearing should have recused themselves; (3) the court erred in

- 3 -

dismissing the claims set for trial; (4) the court erred in dismissing the § 1983 claim against Ms. Hopps and in granting summary judgment on the FHA claim; (5) the court should have stayed the case pending Ms. Reinhardt's interlocutory appeal of certain orders; (6) the court should have allowed her to amend her first amended complaint; and (7) certain witnesses should be required to return their witness-fee payments to Ms. Reinhardt.[1]  None of these arguments, however, require reversal of the district court's judgment.

## 1.    *Denial of Access to Electronic Filing System*

Ms. Reinhardt complains the court denied her access to the court's electronic filing system.  The district court generally does not allow pro se parties to use this system, *see* W. D. Okla. ECF Policies & Procedures Manual, § I.A.1, and it was not required to make an exception for Ms. Reinhardt.  Crucially, she was not deprived of the ability to be heard, but instead was able to access the district court through alternative means, including mail and personal delivery.  To the extent she suffered delays, she was not prejudiced, because the district court routinely granted her requests for extensions of time and ordered her otherwise untimely documents to be filed.  It also authorized her to submit her pretrial materials through e-mail.  This challenge presents no grounds for reversal.

---

[1]    Any other arguments that Ms. Reinhardt may have intended to assert are waived for failure to adequately brief them.  *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012).

## 2. *Recusal*

Ms. Reinhardt sought the district judge's disqualification because of his education at and previous employment by the University of Oklahoma and previous employment by the State of Oklahoma; his denials of her request to use the court's electronic filing system and adverse rulings in various matters during the litigation, including discovery matters and her attempts to further amend her complaint; and his demeanor during a scheduling conference, which she found intimidating. Such allegations are insufficient to require recusal. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (adverse rulings, judicial intemperance); *Maez v. Mountain States Tel. & Tel., Inc.*, 54 F.3d 1488, 1508 (10th Cir. 1995) (long-past employment); *United States v. Cooley*, 1 F.3d 985, 993-94 (10th Cir. 1993) (adverse rulings); *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1028 (10th Cir. 1988) (per curiam) (adverse rulings, alumni activities). Further, there is nothing in the record to suggest that the district judge was biased against Ms. Reinhardt.

Regarding the magistrate judge, Ms. Reinhardt alleges that he is married to the Vice President for University Governance of the Board of Regents of the University of Oklahoma, which was a party to this matter, and that he has longstanding connections with other parties. But the magistrate judge's only involvement in this matter was to conduct a settlement conference between Ms. Reinhardt and Ms. Hopps in January 2014, long after the claims against the University and the other parties were dismissed. Under these circumstances, recusal was not required.

*3.* *Dismissal of Action*

Ms. Reinhardt next challenges the district court's dismissal with prejudice of the federal and state claims set for trial. The dismissal was a sanction under Fed. R. Civ. P. 16(f)(1), 37(b)(2)(A), and 41(b) for Ms. Reinhardt's failures to timely file her pretrial materials and to timely attend the February 5 hearing. The court noted that the pretrial deadlines were longstanding and that Ms. Reinhardt had been warned that a failure to comply would result in sanctions. It further noted that she explicitly had been warned that a failure to appear at the hearing may also result in sanctions, up to and including dismissal of the action. The court reviewed the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), concluding that Ms. Hopps actually was prejudiced by Ms. Reinhardt's failure to submit pretrial materials in a timely manner; Ms. Reinhardt's noncompliance adversely impacted the judicial process; she was culpable in the delays; and any lesser sanctions would not remedy the prejudice to Ms. Hopps (and in any event a sanction such as exclusion of witnesses and evidence, as suggested by Ms. Hopps, would amount to a dismissal of the action because Ms. Reinhardt would not be able to prove her case).

We review this decision for an abuse of discretion. *See Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus*, 965 F.2d at 918. Ms. Reinhardt asserts that she was not significantly late; it would have been more

appropriate to have held a telephone conference, given that it was winter; and she had filed a list of witnesses and identified many exhibits. But the district court appropriately invoked the *Ehrenhaus* factors, *see Gripe*, 312 F.3d at 1188, and thoughtfully considered them. Although dismissal is a harsh sanction, having considered the court's order and the record of this case, we cannot conclude that the court abused its discretion.

### 4. *Dismissal of § 1983 Claim and Summary Judgment on FHA Claim*

Ms. Reinhardt also asserts that the district court erred in dismissing the § 1983 claim against Ms. Hopps because she acted for governmental entities against Ms. Reinhardt. But we discern no error in the district court's determination that Ms. Reinhardt made no plausible allegations that Ms. Hopps acted under color of state law. Accordingly, for substantially the reasons set forth by the district court, we affirm the dismissal of the § 1983 claim against Ms. Hopps.

Regarding the FHA claim, the district court granted summary judgment for Ms. Hopps based on a statutory exception for a single-family house rented by an owner. *See* 42 U.S.C. § 3603(b)(1). Although on appeal Ms. Reinhardt generally asserts that Ms. Hopps violated the FHA, she does not address the § 3603(b)(1) exception or show how the district court erred in determining that Ms. Hopps satisfied the requirements for the exception. We therefore affirm the grant of summary judgment on this claim.

## 5.    *Denial of Stay*

Ms. Reinhardt also argues that the district court should have stayed the case after she filed an interlocutory appeal to the Supreme Court regarding the denial of leave to amend her complaint. We cannot see how the denial of a stay was reversible error. She filed a notice of appeal on April 1, 2013, and a petition to the Supreme Court on April 12, 2013. The notice of appeal was handled by this court, which dismissed the appeal for lack of prosecution on April 19, 2013. Ms. Reinhardt did not seek further review of that dismissal, and it does not appear that the Supreme Court took action on her petition. So any stay, even if granted, would have been short-lived and of little effect.

## 6.    *Denial of Leave to Amend*

Ms. Reinhardt further challenges the court's denial of her attempts to amend her first amended complaint. In March 2012, she filed a second amended complaint without leave of court or the consent of the other parties, which the court struck for failure to comply with Fed. R. Civ. P. 15(a)(2). The district court then denied her motion for leave to amend because she failed to state with specificity what allegations or claims she intended to amend. Nearly a year later she indicated a desire to amend. The district court issued an order setting a firm deadline for her to file a motion to amend. She did not file any such motion, but instead filed a supplemental complaint, which the district court struck for failure to follow its order and for failure to seek leave before filing. The court then denied her out-of-time

motion for leave to file the supplemental complaint, finding a lack of excusable neglect or good cause for not meeting its deadline. And finally, the court denied her September 2013 motion to amend on the ground of undue delay. Denial of leave to amend is within the district court's discretion, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and none of these determinations represent such an abuse. *See* Fed. R. Civ. P. 15(a), (d); *see also Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1151 (10th Cir. 2013) (failure to adequately describe proposed amendment); *Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006) (untimeliness/undue delay).

### 7. *Return of Witness Fees*

Finally, Ms. Reinhardt objects that certain witnesses have not returned their witness fees to her even though the trial was canceled. We do not review this issue because it arose after she had filed her notice of appeal, and she did not file an amended notice of appeal listing the order denying her request for reimbursement. *See* Fed. R. App. P. 3(c)(1)(B) (requiring that the notice of appeal "designate the judgment, order, or part thereof being appealed"); *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 885-86 (10th Cir. 2011) (court lacked jurisdiction where plaintiffs failed to file a timely notice of appeal from post-dismissal motion).

The judgment of the district court is affirmed.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge