FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CEDRIC GREENE,

     Plaintiff - Appellant,

v.

CVS, INC.,

     Defendant - Appellee.

No. 21-1366
(D.C. No. 1:21-CV-02702-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **CARSON**, Circuit Judges.
_____

The district court dismissed Cedric Greene's pro se civil action for failing to

comply with filing restrictions the court had previously imposed.  Greene appeals.

Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal as frivolous.

I.

In 2019, the district court enjoined Greene from filing a civil action pro se in

the District of Colorado unless he files a motion requesting leave to file pro se that

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

provides the district court clerk with (1) a list of all his pending and previous lawsuits filed in the District of Colorado and the status of all such lawsuits; (2) a statement of the issues and whether they had been previously raised; and (3) a notarized affidavit certifying that his arguments are not frivolous or made in bad faith, that they are warranted by the law or a good-faith argument for alteration of the law, that venue is proper, that the action is not brought for any improper purpose, and that he would comply with all applicable court rules. *See* R. at 10-11. He also is required to submit the proposed new pleading to be filed in the action. *See* R. at 11.[1]

In the action underlying this appeal, Greene filed the required motion and stated that his case had not been previously presented. But he asserted that he could only provide the rest of the required information in the future, and he did not submit his proposed new pleading. Instead, he asked the court to take judicial notice of an attached complaint he had made to Business-Consumer Alliance about defendant CVS's alleged treatment of him regarding prescription services. The district court dismissed the case for failure to comply with the filing restrictions. When Greene

---

[1] Greene is under filing restrictions in this court, too. In 2018, we enjoined him "from filing an appeal in this court that raises the same or similar issues arising out of the same or similar set of facts and circumstances as asserted in [certain previous] Tenth Circuit appeal[s] . . . or that argues or asserts a federal district court or this court should waive subject-matter jurisdiction." *Greene v. Sprint Nextel Corp.*, 750 F. App'x 661, 666-67 (10th Cir. 2018). This appeal does not implicate the 2018 restrictions. In 2022, we expanded those restrictions prospectively. *See Greene v. First to Serve Inc.*, Nos. 21-1246, 21-1278, 2022 WL 386233, at *3-4 (10th Cir. Feb. 9, 2022) (unpublished). Because this appeal was filed before the 2022 restrictions took effect, it is not subject to those restrictions.

refiled his motion, the court denied it and stated that it would strike any additional documents filed in the case.

## II.

We review the district court's dismissal for abuse of discretion. *See Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002). Even construing Greene's pro se filings liberally, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), we see no abuse of discretion. Greene's district court filings clearly did not comply with the requirements of that court's filing restrictions, and Greene has made no meaningful effort on appeal to show that the dismissal was an abuse of discretion. Instead, he (1) asserts the district court's warning that additional documents filed in this case would be stricken amounts to a ban on his ability to litigate pro se in the District of Colorado; (2) questions whether courts in other jurisdictions are interfering with his ability to litigate pro se in the District of Colorado; and (3) expresses his belief that the District of Colorado's filing restrictions are tied to a federal jurisdiction in southern California.

These conclusory arguments are frivolous, as are Greene's requests that we "allow Federal Rule[] of Civil Procedure 60(b)(6) be the legal code that will permit the [district court] to hear the case" and "work with the [district court] and its officials to permit the case to proceed through," Aplt. Opening Br. at 3 (italics omitted). The remainder of his appellate brief is irrelevant to the dismissal at issue in this appeal. Accordingly, we conclude that this appeal is frivolous and dismiss it. *See* 28 U.S.C. § 1915(e)(2)(B)(i). We deny Greene's motion for leave to proceed on

3

appeal without prepayment of costs or fees, and he is directed to immediately pay the entire $505 appellate filing and docketing fee. *See* § 1915(a)(1) (excusing only "*pre*payment of fees" (emphasis added)).

Entered for the Court

Joel M. Carson III
Circuit Judge